IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BILLY BATTLES**                                                                              **PLAINTIFF**

**V.**                                         **5:08CV117 JMM**

**MARK TOWNSEND and**
**SOUTHERN TIRE MART, LLC**                                               **DEFENDANTS**

## CERTIFICATION ORDER

Now on this 20th day of May, 2008, upon motion of the Plaintiff and pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this Court certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which it appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

**I.**

## QUESTION OF LAW TO BE ANSWERED

Whether an individual supervisor can be held personally liable for alleged acts of retaliation under the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq*. ("ACRA").

**II.**

## FACTS RELEVANT TO THE QUESTION

Plaintiff Billy Battles is a resident of Arkansas. Defendant Marc Townsend is a resident of Arkansas. Defendant Southern Tire Mart LLC, "hereinafter Southern Tire," is a Mississippi corporation with its principal place of business in Mississippi.

According to the Complaint, Plaintiff was subjected to a hostile work environment on the basis of his race while employed by the Defendant Southern Tire. Plaintiff is an African American. He requested, and was granted, a meeting with the Defendants where he complained

about the alleged disparate treatment.   Plaintiff claims that shortly after this meeting, Defendant Marc Townsend, acting within the scope and authority of his employment with Southern Tire, terminated Plaintiff's employment in retaliation for engaging in a protected activity and opposing illegal discrimination.

Plaintiff filed suit against the Defendants for retaliation under the ACRA.  Defendant Southern Tire removed this action to federal court on the basis of diversity jurisdiction.  Southern Tire contends that Plaintiff fraudulently joined Defendant Marc Townsend as a defendant to defeat diversity jurisdiction.  Southern Tire argues that this assertion is confirmed by the fact that individual supervisors are not personally liable for alleged acts of retaliation under the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq*.

The issue of whether an individual supervisor can be held personally liable for alleged acts of retaliation under the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* is likely to arise repeatedly in federal diversity cases, as well as in Arkansas circuit court cases.  There is no precedent from the Arkansas Supreme Court on this issue.   There is also no consensus among the Judges in the United States District Courts on this issue.[1]

### III.  REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Arkansas Supreme Court, acting as the receiving court, may reformulate the question presented.

### IV.  COUNSEL OF RECORD AND PARTIES

---

[1] See *Vineyard v. EWI, Inc., et al,* No. 4:02CV00609 GH, (E.D. Ark. 2002)(finding preliminarily that there is individual liability for retaliation under the ACRA); but see *Whitney v. Unibar Maint. Serv., Inc.,* No. 4:04CV00561 JMM (E.D. Ark. 2004)(no individual liability for supervisor in individual capacity for retaliation under the ACRA).

Attorney for Plaintiff, Billy Battles:

Luther Oneal Sutter
Harrill & Sutter, PLLC
Attorneys at Law
310 West Conway Street
Benton, Arkansas 72015
(501) 315-1910

Jane A. Kim
William Stuart Jackson
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808

**V.**

The Clerk of this Court is hereby directed to forward this Order to the Supreme Court of Arkansas under his official seal.

IT IS SO ORDERED.

_____
James M. Moody
United States District Judge